ORIGINAL

FILED IN CHAMBERS
U.S.D.C. - Atlanta

NOV 0 3 2017

JAMES N. HATTEN, Clerk
By: ℰ ⌒ ⌒
                    Deputy Clerk

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

Andres Castaneda-Guzman

**CRIMINAL COMPLAINT**

Case Number: 1:17-MJ-0942

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about September 3, 2017 in Clayton and Henry counties, in the Northern District of Georgia and elsewhere, defendant did knowingly (1) unlawfully seize, kidnap, and carry away from Texas to Georgia and hold for ransom, reward, or otherwise a minor female, and (2) transport an individual who has not attained the age of 18 years in interstate commerce with the intent that individual engage in sexual activity for which any person can be charged with a criminal offense, those offenses including Statutory Rape, in violation of O.C.G.A. section 16-6-3, and Aggravated Child Molestation, in violation of O.C.G.A. section 16-6-4 ,

in violation of Title 18, United States Code, Sections 1201(a) & (g), and 2423(a).

I further state that I am a Special Agent and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

that is continued on the attached sheet and made a part hereof. Yes

_____
Signature of Complainant
Stuart Reagan

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

November 3, 2017                              at    Atlanta, Georgia
Date                                                City and State

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE                _____
Name and Title of Judicial Officer             Signature of Judicial Officer
AUSA William G. Traynor / 2017 R 00767

## AFFIDAVIT OF HSI SPECIAL AGENT STUART REAGAN

I, Stuart Reagan, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. In this case, Andres CASTANEDA-Guzman, 24, took a 14-year-old girl against her will from Texas to Stockbridge, Georgia, where he forced her to have sexual intercourse with him. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe in doing so, CASTANEDA violated the federal criminal laws that prohibit kidnapping, 18 U.S.C. § 1201, and transporting a minor across a state line for unlawful sexual activity, 18 U.S.C. § 2423(a).

2. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, and have been since 2007. My responsibilities include investigating criminal violations of federal immigration laws and criminal laws.

3. Before joining HSI, I was a Detective with the Sevier County Sheriff's Department in Sevierville, Tennessee, where I was assigned to the Criminal Investigation Division. I investigated criminal violations of the Tennessee Code. I graduated from East Tennessee State University in Johnson City, Tennessee, in 2005 with a B.S. degree.

4. As a police officer in Tennessee I received advanced training in Highway Drug Interdiction, Surveillance, Cybercrime Investigations, and Clandestine Drug Lab Investigation. During Special Agent training at the Federal Law Enforcement Training Center, I received training on transnational Drug Trafficking Organizations (DTOs), Criminal Street Gangs, Money Laundering, Smuggling, Immigration Fraud, Terrorism, Human Trafficking, and Border Security.

5. I have received training in human trafficking offenses and I have participated in human trafficking investigations and violent crime investigations.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. I intend this affidavit to show there is probable cause for the requested warrant, so I have not included everything I have learned about this matter.

## PROBABLE CAUSE

7. CG is a 14-year-old female who lives with her family in Terrell, Texas. On Saturday night September 2, 2017, she attended a party in honor of her upcoming 15th birthday. The party was held at the home of a family friend in Terrell, and CG's parents, siblings, and friends attended. Another attendee was Andres CASTANEDA-Guzman, 24, who is a distant relative of CG.

8. At about 1 a.m. on Sunday, September 3, while the party was still in progress, CASTANEDA offered to drive CG to meet invited guests who had been unable to find the party, so that she could direct them to the address.

9. CG's parents started searching for her after they realized she was not at the party. At about 2:30 a.m., they reported her as missing to the Kaufman County Sheriff's Office in Terrell. Responding officers questioned party attendees and learned CG had been seen getting into CASTANEDA's black Chevrolet Tahoe SUV. Family members tried to telephone CG and CASTANEDA without success.

10. Soon thereafter, a friend told CG's family that CASTANEDA was taking CG to Jonesboro, Georgia, where CASTANEDA had previously resided. The family left Terrell and began the journey to Georgia.

11. CASTANEDA's former in-laws live in a trailer park in Jonesboro. On Monday evening, September 4, CG's family members met Clayton County Police officers at the former in-laws' trailer. The former in-laws contacted CASTANEDA and told him that the police were searching for CG. Minutes later, a taxi delivered CG to her family. The taxi driver said that he had picked CG up at a residence in Forest Park.

13. CASTANEDA arrived later and police arrested him. CG's family took her back to Texas, and notified Kaufman County Sheriff's Office investigators that CASTANEDA had sexually assaulted CG.

14. On October 5, an HSI Forensic Interview Specialist—someone who is trained and experienced in interviewing children about sexual abuse—interviewed CG in Dallas, Texas. This interview was video-recorded and I have reviewed the recording. In the interview, CG said:

- CASTANEDA moved to Texas from Georgia in August 2017;

- He pursued a relationship with her for several weeks before the party, but she had rebuffed his advances;

- CASTANEDA became increasingly jealous and possessive of CG in the days before the party;

- CG had no idea CASTANEDA was going to take her to Georgia when they left the party;

- In Georgia, they first stopped for a short while at a trailer occupied by CASTANEDA's former in-laws in Jonesboro. She tried to contact her family when she gained access to a cell phone, but one of CASTANEDA's former in-laws caught her and removed the battery from the phone.

- CASTANEDA then took her to a hotel (since identified as a La Quinta hotel in Stockbridge) on the night of September 3 and forced her to have sexual intercourse with him.

- The next day, CASTANEDA took her to the home of one of his friends, and they remained there until CASTANEDA learned that the police and CG's family were looking for her, at which time he had a taxi return her to her family.

16. On October 20, I learned that a Terrell Police Department officer had stopped CASTANEDA for speeding at about 1:15 a.m. on September

3, which would have been shortly after he had persuaded CG to go with him to help find her lost guests. I later reviewed images recorded by the officer's body camera during this traffic stop and positively identified CASTANEDA as the driver of his black 2002 Chevrolet Tahoe and CG as his passenger.

17. On October 31, I spoke by telephone with CG's mother, Corina Diaz. Diaz said she had not had any reason to suspect or fear that CASTANEDA would abduct her daughter. Diaz also said that CG did not have permission to travel away from home with CASTANEDA.

18. The federal kidnapping statute, 18 U.S.C. § 1201(a), prohibits seizing, confining, inveigling, kidnapping, abducting, or carrying away another person in interstate commerce and holding them "for ransom or reward or otherwise." The element of "ransom or reward or otherwise" is not limited to pecuniary profit. Rather, federal courts have construed the phrase "or otherwise" broadly to include any purpose desired by the captor or any reason that would benefit the captor, including transporting a victim for the purpose of the captor's sexual gratification.

19. Section 2423(a) of Title 18 prohibits transporting an individual who has not attained the age of 18 years in interstate commerce with the intent that individual engage in any sexual activity for which *any* person can be charged with a criminal offense, including the captor. In forcing CG to have sex with him, CASTANEDA could be charged with, among other offenses, Statutory Rape, in violation of O.C.G.A. § 16-6-3, and Aggravated Child Molestation, in violation of O.C.G.A. § 16-6-4.

20. Based on these facts, there is probable cause to believe that Andres CASTANEDA-Guzman has committed violations of Sections 1201 and 2423(a) of Title 18 of the United States Code.